IN THE SUPREME COURT OF THE STATE OF KANSAS

Nos. 112,897
119,709

In the Matter of SAM S. KEPFIELD,

*Petitioner.*

ORDER OF REINSTATEMENT

On March 15, 2019, this court revoked Sam S. Kepfield's probation and ordered him to serve the original one-year period of suspension from the practice of law imposed by this court in 2015 followed by an additional three-year period of suspension. This court further ordered that after Kepfield served six months of the second suspension period, he could be placed back on three years' supervised probation under specified terms. See *In re Kepfield*, 309 Kan. 425, 437 P.3d 939 (2019) (order of additional suspension); *In re Kepfield*, 301 Kan. 662, 346 P.3d 332 (2015) (order of original suspension); see also Supreme Court Rule 232 (2021 Kan. S. Ct. R. ___) (formerly Rule 219) (procedure for reinstatement after suspension).

On October 26, 2020, Kepfield filed with this court a petition for reinstatement. He filed an amended petition on November 30, 2020. The Disciplinary Administrator's office responds that Kepfield has complied with the conditions for reinstatement imposed by this court and that the Disciplinary Administrator's office does not object to the reinstatement of Kepfield's license subject to a three-year plan of probation. See Rule 232(c) (formerly Rule 219[c][1][B]) (Disciplinary Administrator's response to petition for reinstatement).

After careful consideration of the record, the court grants Kepfield's amended petition for reinstatement.

1

IT IS THEREFORE ORDERED that the remainder of the three-year period of suspension of Kepfield's law license is immediately stayed, his license to practice law in Kansas is reinstated, and he is placed on three years' supervised probation. During Kepfield's probationary period he must comply with the probation terms set forth in the hearing panel's final report, ¶ 43, including new terms 23 and 24. See *Kepfield*, 309 Kan. at 427-29 (original terms of Kepfield's probation plan), 309 Kan. at 442 (new terms 23 and 24 of Kepfield's probation plan).

Kepfield's probation will continue until he is specifically discharged by this court. See Supreme Court Rule 227(g), (h) (2021 Kan. S. Ct. R. ___) (formerly Rule 211[g][7]) (procedure for discharge upon successful completion of probation).

IT IS FURTHER ORDERED that the reinstatement of Kepfield's license as set forth above is conditioned upon his compliance with the annual continuing legal education requirements and upon his payment of all attorney registration and continuing legal education fees. See Supreme Court Rule 206 (2021 Kan. S. Ct. R. ___) (formerly Rule 208); Supreme Court Rule 808 (2021 Kan. S. Ct. R. ___); Supreme Court Rule 811(b) (2021 Kan. S. Ct. R. ___).

Upon receipt of proof of Kepfield's completion of these conditions, the Office of Judicial Administration is directed to enter his name on the roster of attorneys actively engaged in the practice of law in Kansas.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs herein be assessed to Kepfield.

Dated this 29th day of January 2021.

Rosen, J., not participating.